IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Bryan Fetner, #10224680, | ) | C/A No.: 1:15-2535-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John Magil, Director of S.C. | ) | ORDER |
| Department of Mental Health; and Holly | ) | |
| Scutturo, Director, of S.V.P. Program, | ) | |
| Department of Mental Health, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

William Bryan Fetner ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter is before the court on Plaintiff's motion for appointment of counsel. [ECF No. 20].

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. Rather, he simply states that he cannot afford counsel and has limited knowledge of the law. [ECF No. 20]. Although Plaintiff states that he does not have access to a law library, Defendants indicated in another of Plaintiff's pending cases that Plaintiff has access to

legal research through a Westlaw subscription. *See Fetner v. Magil*, C/A No.: 1:15-2535-DCN-SVH at ECF Nos. 21, 21-2.[1]

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). The court notes that Plaintiff has competently represented himself thus far. In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

IT IS SO ORDERED.

September 28, 2015                                          Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

2